**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1607
_____

WENDI KRAEMER; ANGELS JOURNEY HOME RESCUE,
Appellants

v.

TOWNSHIP OF ROSTRAVER, a municipal corporation; NICK LNU, in his individual
capacity; GARY N. BECK, SR., in his official and individual capacity; ALL BUT
FORGOTTEN INC, a non-profit corporation; FRANK MONACK, in his individual and
official capacity; ANDREA PALMER, in her individual capacity; LIBBY WILLIAMS,
in her individual capacity; ERIN CASSIDY, in her individual capacity; RENEE
BARNES, in her individual capacity; TRISH COLE, in her individual capacity
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:22-cv-01232)
District Judge:  Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 12, 2026
_____

Before:  CHAGARES, *Chief Judge*, SCIRICA[*] and McKEE, *Circuit Judges*

(Opinion Filed:  August 3, 2026)

_____

[*] The Honorable Anthony J. Scirica was unavailable to participate in the decision in this
case after submission to the merits panel.  This opinion is filed by a quorum of the panel
pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

_____

OPINION**

_____

PER CURIAM

Plaintiffs Wendi Kraemer and Angels Journey Home Rescue ("Angels Journey") appeal from the District Court's order granting summary judgment to the defendants, Rostraver Township, Township Commissioner Gary N. Beck, Sr., and zoning officer Frank Monack, on the plaintiffs' equal protection claims under 42 U.S.C. § 1983.

Kraemer operated Angels Journey, primarily an animal rescue organization, from her house on a small residential road, next door to Township Commissioner Beck's home. Kraemer and Angels Journey contend that Beck and the Township directed the Township's trash collector to stop servicing Kraemer's property in 2021 because of Beck's racial animus toward Angels Journey's Black volunteers. The plaintiffs further allege that the Township singled them out by imposing additional permitting requirements on Kraemer after a 2022 fire severely damaged the property. The record, however, tells a more mundane story: neighbors at odds, quantities of trash that vastly exceeded collection limits, and failure to pursue the requisite steps to obtain permits to rebuild a fire-damaged home. Because that record would not permit a reasonable jury to find intentional discrimination, we will affirm.

---

** This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

I.[1]

Kraemer lives on a residential, dead-end road in Rostraver Township, Pennsylvania. Beck, a Township Commissioner, lives next door. Kraemer has operated Angels Journey since 2015. Angels Journey is a charity that initially began as an animal rescue but has come to include a program aimed at providing goods and services to unhoused veterans. Kraemer runs Angels Journey from her home.

This appeal involves disputes arising from several conflicts involving Kraemer's home. The condition of Kraemer's property was a recurring source of neighborhood complaints. Neighbors expressed concern about excessive garbage, smoke, odors, and trailers or makeshift structures, all of which contributed to an appearance of general disorder. They also raised animal-related nuisance concerns, including that dogs and cats would enter their properties and leave large quantities of animal waste as well as an incident where a dead cat was found on a neighbor's porch.

In July 2020 or July 2021,[2] Kraemer held a yard sale at the property to benefit Angels Journey. Several Black veterans assisted with the event. During the sale, Kraemer contends Beck stood across the street and referred to Kraemer using a gender-based epithet and to the volunteers using a racial epithet. Beck denies making the statement.

_____

[1] We write primarily for the parties, so we recite only the facts essential to our decision.
[2] The District Court noted that it was unclear whether the yard sale occurred "in either July 2020 or July 2021." Appendix ("App.") 7. In her deposition, Kraemer testified that the yard sale happened in July 2021. Yet an affidavit by an Angels Journey volunteer and a flyer suggest that the yard sale happened in or around July 2020. This discrepancy does not affect our analysis.

Trash collection also became a recurring source of friction between the parties. Under its arrangement with the Township, a private company called Big's Sanitation collected only a limited number of bags per residence, and each bag had to weigh less than fifty pounds. Kraemer did not always abide by those limits. The Township's secretary testified that Kraemer sometimes placed as many as thirty bags outside, and Monack testified that he observed overweight bags at the property. Even Kraemer acknowledged that she sometimes failed to comply with the weight limit.

Between April and November 2021, Big's stopped collecting Kraemer's trash. Kraemer subsequently asked a Big's employee why her trash was no longer being collected. According to Kraemer, the employee told her that Beck had instructed Big's to stop picking up her trash. Kraemer contends that Beck gave this instruction because of Angel Journey's association with its Black volunteers.

In January 2022, a fire severely damaged Kraemer's house, requiring the home to be stripped down to the studs. Monack was the Township's zoning officer, code enforcement officer, and building code official. In his capacity as zoning officer, he inspected the home after the fire to determine whether it remained habitable, whether it could be repaired, and what position the Township would take regarding the property's condition. Monack told Kraemer that the Township required a structural engineer's report and building permit before reconstruction could proceed.

Kraemer applied for that permit on March 3, 2022. Four days later, Monack sent Kraemer a letter requesting a structural report from a licensed engineer identifying whether fire-damaged structural components had to be repaired or replaced. The letter

4

also requested verification from the Township Sewage Enforcement Officer that the sewage system was functional.

Monack identified two reasons for requesting sewage-system verification. First, a Township employee familiar with the property told him that the house had either no sewage system at all or a system inadequate to serve the property. Second, Monack was concerned that water used to extinguish the fire could have compromised any existing system. Monack assured Kraemer that the inspection would be completed free of charge. After correspondence between Kraemer's counsel and the Township, Kraemer submitted a structural engineering report on August 2, 2022. Monack issued the building permit the next day. Kraemer never submitted a sewage inspection report, and Monack did not ultimately require one before issuing the permit and allowing construction to proceed.

Kraemer and Angels Journey subsequently filed a lawsuit against, as relevant here, the Township, Beck, and Monack, alleging violations of their equal protection rights under the Fourteenth Amendment. The plaintiffs asserted a "class of one" equal protection claim against the Township, Beck, and Monack that was based on Monack's request for sewage-system verification in the post-fire permitting process. The plaintiffs also asserted a race-based equal protection claim against the Township and Beck, contending that Beck and the Township caused Big's to stop collecting the plaintiffs' trash because of Angels Journey's association with Black volunteers. The District Court granted summary judgment in favor of the defendants on both claims. The plaintiffs timely appealed.

II.[3]

We review the grant of summary judgment de novo, applying the same standard as the District Court. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper when, viewing the evidence as a whole and drawing all reasonable inferences in favor of the nonmoving party, no genuine dispute of material fact exists, and the movant is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986); Fed. R. Civ. P. 56(a). Our task is not to weigh the evidence but to determine whether a reasonable jury could find for the nonmovant. *Anderson*, 477 U.S. at 249.

A.

The plaintiffs first challenge the District Court's rejection of their class-of-one equal protection claim. To succeed, they must establish that they were intentionally treated differently from others similarly situated and show that the differential treatment lacked any rational basis. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Under rational-basis review, government action is valid so long as any conceivable legitimate justification exists. *Newark Cab Ass'n v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018). A class-of-one plaintiff proceeding under that standard must therefore show that the challenged conduct was "irrational and wholly arbitrary." *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 286 (3d Cir. 2004) (quoting *Village of Willowbrook*,

---

[3] The District Court possessed jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). We possess jurisdiction under 28 U.S.C. § 1291.

528 U.S. at 564). Without reaching whether Monack's request constituted differential treatment, we agree with the District Court that this record would not permit a reasonable jury to find the treatment irrational or wholly arbitrary under the "highly deferential standard of rational basis review." *Newark Cab Ass'n*, 901 F.3d at 158. The request was not made in a vacuum. Given the severe fire damage to Kraemer's house, Monack offered a straightforward public health and habitability rationale for requesting sewage-system verification. He had information suggesting the property might lack an adequate sewage system, and he was concerned that water from the firefighting efforts could have further compromised whatever system existed.

The plaintiffs respond that Monack could not independently verify the statement that the property lacked an adequate sewage system. But the question is not whether Monack's information ultimately proved correct or whether another official might have dispensed with the request. Rational-basis review does not permit courts to judge the wisdom or logic of local regulatory decisions. *Heller v. Doe ex rel. Doe*, 509 U.S. 312, 319–20 (1993). Accordingly, we only ask whether the request was irrational and wholly arbitrary. On this record, it was not. The District Court thus properly entered summary judgment on the class-of-one claim.

B.

The race-based equal protection claim fares no better. To prevail, the plaintiffs must show that the government treated them differently from similarly situated persons and that the differential treatment was motivated by intentional discrimination. *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992). And even where the record

7

supports an inference of discriminatory animus, a plaintiff must connect that animus to the challenged governmental action. *See Hassan v. City of New York*, 804 F.3d 277, 297–98 (3d Cir. 2015).

The plaintiffs contend that Beck, animated by racial hostility toward Angels Journey's Black volunteers, instructed Big's to stop collecting Kraemer's trash. Yet the plaintiffs failed to offer evidence from which a reasonable jury could find Beck caused Big's to stop collecting trash from the property.

The only evidence of a causal link consists of out-of-court statements attributed to a Big's employee. Kraemer testified that this Big's employee told her Beck had instructed Big's to stop collecting her trash. An Angels Journey volunteer also stated in an affidavit that she heard this employee's statement. But, as the District Court found, the plaintiffs never identified the Big's employee who spoke with Kraemer, any Big's employee who received instructions from Beck, or any witness with personal knowledge that Beck contacted Big's about Kraemer's trash collection. Nor could the plaintiffs identify the Big's employee in question, as evidenced by Big's responding to a subpoena that it had no responsive records that would identify the employee who allegedly spoke with Kraemer.

Because the plaintiffs offered the statement for its truth, it is hearsay unless an exclusion or exception applies. Fed. R. Evid. 801(c). Hearsay evidence may be considered at the summary judgment stage only if it is capable of being presented in admissible form at trial. *See Fraternal Ord. of Police, Lodge 1 v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016); Fed. R. Civ. P. 56(c)(2). The plaintiffs contend that Beck's

8

statement to the Big's employee could be admitted as an opposing-party statement under Rule 801(d)(2). But they have not supplied the necessary foundation. Big's is not a party, and the plaintiffs never identified the Big's employee who allegedly spoke with Kraemer or any other person at Big's who allegedly received an instruction from Beck. Without that information, Kraemer and Angels Journey could not establish who made the statement, what position that person held, whether the person had personal knowledge of any instruction from Beck, or whether the statement was otherwise attributable to the defendants under Federal Rule of Evidence 801(d)(2). *See Carden v. Westinghouse Elec. Corp.*, 850 F.2d 996, 1002 (3d Cir. 1988) (rejecting admission of alleged employee statements where the source of the asserted information was unidentified). The statement therefore could not be admitted under Rule 801(d)(2) or otherwise presented in admissible form at trial.

Nor does the remaining evidence create a triable issue on causation. Apart from the inadmissible statement attributed to the unidentified Big's employee, the plaintiffs offered no other evidence that Beck directed Big's to stop collecting Kraemer's trash. The record instead contains evidence that the Township had received resident complaints about trash at Kraemer's property, and Big's had previously declined to collect some trash from the property because it exceeded applicable collection limits. Without admissible evidence that Beck directed Big's to stop trash collection, a jury could not reasonably find the necessary causal connection between discriminatory animus and governmental action. The District Court therefore properly granted summary judgment on the race-based equal protection claim.

9

III.

For the foregoing reasons, we will affirm the District Court's order.